## 11861. LOVELL v. PACE.

The action in the justice's court was sufficient to show a suit on account, and the judge of the superior court did not err in sustaining the certiorari.

DECIDED FEBRUARY 15, 1921.

Certiorari; from Calhoun superior court — Judge Harrell. August 13, 1920.

This case originated in a justice's court. The cause of action attached to the summons was as follows:

" J. B. Lovell to W. B. Pace, Debtor.

1919.

May 19. To one cow damaged by auto, sold .........$100.00

Credit by money from cow ................ 35.00
_____

Bal. due ...................$ 65.00

The defendant demurred to the cause of action, upon the grounds: " 1st. The summons and account attached fail to show, either jointly or considered separately, any liability against defendant. 2d. No reasons are shown why the defendant is liable for the killing of the milk cow. 3d. Defendant demurs especially to the account sued on, upon the ground that the facts stated do not inform the defendant as to the nature of the account or why defendant is chargeable with the killing of the cow. 4th. Plaintiff's action sounds both of the nature of suit on contract and on tort, and defendant is unable to ascertain from the summons and account the particular nature of the charge against him. "

Before judgment on the demurrer the plaintiff, by leave of the court, filed the following amendment, to meet the demurrer: " 1. Plaintiff amends his said suit and account by adding the following: On the 19th day of May, 1919, plaintiff's grandson was driving a cow, property of plaintiff, worth $125.00, in the public road near Leary, when said cow was struck by an automobile driven by the son of defendant, Jim, a minor, who recklessly drove said car against said cow, breaking her leg, said boy acting at the instruction and command of his father to take a passenger to Leary. Whereupon plaintiff called upon defendant, apprising him of the damage done to his said cow by said son, told defendant that the cow was then defendant's, and would take $100.00 for her, whereupon defendant agreed to give $100.00 for her and re-

quested plaintiff to sell the cow to the market man for him, and whatever it brought him he would pay the balance, and plaintiff, acting upon said agreement, thus losing 2 hours from his plow in busy time, so sold said cow to the market man, Mr. Taylor, for the sum of $40.00 and received from him the sum of $35.00, which sale defendant is indebted for the balance of said account, $65.00, as well as the balance of said damage to plaintiff by the authorized act through his said son, driving said car. " The justice sustained the demurrer " upon each and every ground, the plaintiff having amended his cause of action. " Certiorari was sued out, and the judge of the superior court sustained the certiorari and remanded the case for another hearing.

E. L. Smith, for plaintiff in error.  C. J. Taylor, contra.

HILL, J.  (After stating the foregoing facts).  After careful consideration we are constrained to affirm the judgment of our learned brother of the superior court.  The action as originally brought in the justice's court, when considered in the light of the rule of liberal construction of actions in justice's courts, was sufficient without amendment to show a suit on account.  When the amendment was filed the cause of action was luminous with light and perspicacity of pleading.  That the plaintiff undertook to give the entire history of the transaction and to show the result of the collision between the cow and the car might have been well treated as historical inducement.  We are not surprised that the learned and experienced judge of the superior court came to the conclusion, aided by the allegations of the amendment, that the cause of action was for the price which the defendant had agreed to give for the cow after deducting for damage to her caused by the automobile.  When the plaintiff informed the defendant what had been done to the cow by his car, the latter, with commendable fairness, at once bought the damaged cow and instructed the plaintiff to sell her for him and deduct the amount received, the defendant stating that he would pay the balance.  Acting on the instructions of the defendant the plaintiff sold the cow which the defendant had so taken off his hands, and, after deducting the amount received for beef, brought suit for the balance of the purchase-price.  The transaction was complete when defendant

bought the damaged cow from the plaintiff, and the relationship of debtor and creditor thus arose.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*